# FISHER v. PERKINS.

ERROR TO THE SUPERIOR COURT OF THE STATE OF KENTUCKY.

Submitted April 20, 1887. — Decided May 27, 1887.

This court has no power to review a judgment of the Superior Court of the State of Kentucky, unless it appears not only that the judgment is one of the class in which the statute of that state provides that the judgment

of that court may be final, but also that an application was made, within proper time, for an appeal to the Court of Appeals, and that the application was refused by the Superior Court.

THIS was a writ of error to the Superior Court of the state of Kentucky for the review of a judgment of that court, and the defendant, although uniting with the plaintiff in submitting the case for hearing on its merits, moved to dismiss the writ for want of jurisdiction, because the Superior Court is not the highest court of the state in which a decision in the suit can be had. The record showed a suit by W. H. Perkins against James H. Fisher in the Circuit Court of Daviess County for the recovery of money and a judgment therein for Fisher. Afterwards this judgment was reversed by the Court of Appeals of the state, and the cause remanded for further proceedings. When the case got back to the Circuit Court additional pleadings were filed and a trial had, which resulted in a judgment in favor of Perkins for less than $1,000. From this judgment Fisher appealed to the Court of Appeals. Before this appeal was decided the Superior Court of the state was organized, and the case was transferred, in due course of law, to that court for decision.

Those parts of the act establishing the Superior Court, which relate to the appellate jurisdiction of the Court of Appeals for the review of its judgments are as follows:

"§ 5. The Court of Appeals shall have appellate jurisdiction over the final orders and judgments of the Superior Court in all cases except the following: 1. Those for fines or for the recovery of money or personal property where the amount of the fine, or the value in controversy, is less than one thousand dollars, exclusive of interest and cost; 2. Those where the judgment of the lower court had been affirmed by the Superior Court without a dissenting vote. But if, in any case coming within either of the above exceptions, any two of the judges of the Superior Court shall certify that, in their opinion, the question involved is novel, and is one of sufficient importance, the party against whom the decision was rendered shall be entitled to take the same by appeal to the Court of Appeals as in other cases.

"§ 6. If an appeal shall be taken to the Court of Appeals of which the Superior Court has jurisdiction, or, if taken to the Superior Court when the Court of Appeals has jurisdiction, it shall not be dismissed, but shall be transferred to the court having jurisdiction.

"§ 7. All appeals from the Superior Court to the Court of Appeals shall be prayed and granted in the Superior Court. But no appeal shall be granted after six months from the time the right to appeal first accrued, unless the party applying therefor was a defendant in the original action, and an infant not under coverture, or of unsound mind, or a prisoner who did not appear by his attorney, in which cases an appeal may be granted to such parties or their representatives within twelve months after their death, or the removal of their disabilities, whichever may first occur." Acts 1881, p. 113.

The judgment of the Circuit Court was affirmed by the Superior Court "without a dissenting vote," and for the review of that judgment of affirmance this writ of error was brought, no application having been previously made to the Superior Court for the allowance of an appeal to the Court of Appeals.

*Mr. George W. Jolly* for plaintiff in error.

It is manifest enough from an inspection of the fifth section of the statute creating the Superior Court of Kentucky, that the plaintiff in error had no right or power to appeal this case to the Court of Appeals; the value in controversy, excluding interest and costs, was less than $1000; the judgment of the Daviess Circuit Court was affirmed by the Superior Court without a dissenting vote — because, as the court say, the Court of Appeals had held that the discharge in bankruptcy did not release Fisher, and that Perkins was entitled to judgment, and that opinion settled the law of this case; and no two of the judges having certified that the question involved was novel, or of sufficient importance — therefore plaintiff in error was *not* " *entitled* to take the same by appeal to the Court of Appeals."

Surely it cannot be reasonably contended that it was the

duty of plaintiff in error, before suing out this writ of error, to have appeared before the Superior Court, and prayed for an appeal to the Court of Appeals, when on the face of the statute, which is too plain and unambiguous to need construction, he was not " entitled " to it ?

And would it not be extraordinary under the circumstances of this case to require that to be done, when the Superior Court affirmed the judgment of the Circuit Court in obedience and pursuant to the opinion of the Court of Appeals ?

The Court of Appeals reversed the case and *remanded* it for further proceedings not inconsistent with its opinion. 80 Ky. 11, 13.

That was not a final judgment for the purposes of a writ of error to this court. *Johnson* v. *Keith*, 117 U. S. 199.

The judgment in this case by the Superior Court was final, and was rendered by the highest court in the state in which a decision could be had.

*Mr. C. S. Walker* for defendant in error.

MR. CHIEF JUSTICE WAITE, after stating the case as above reported, delivered the opinion of the court.

This court has no power to review any other judgments of the courts of a state than those of the highest court " in which a decision in the suit could be had." § 709, Rev. Stat. The Court of Appeals is the highest court of the state of Kentucky, and, consequently, until it has been made to appear affirmatively on the face of the record that a decision in this suit could not have been had in that court, we are not authorized to review the judgment of the Superior Court. Although the value in controversy is less than $1000, and the judgment of the inferior court was affirmed by the Superior Court without a dissenting vote, an appeal did lie to the Court of Appeals if two of the judges of the Superior Court certified that, in their opinion, the question involved was novel and of sufficient importance.

To get an appeal from the Superior Court in any case an

application therefor must be made to and granted by that court. Such is the express provision of § 7 of the act under which the court was organized. Certainly it would not be claimed that a judgment of the Superior Court could be reviewed by this court in a case not within the exceptions mentioned in § 5 before an application had been made in proper time for the allowance of an appeal, and the application refused for some sufficient reason. It is true that in this particular case the prayer for an appeal could not have been granted, unless the necessary certificate was given; but if given, it would have been as much the duty of the court to make the order of allowance as it would if the value in controversy had exceeded one thousand dollars, or the judgment of affirmance had been with a dissenting vote. Such a certificate enters into and forms part of the allowance of an appeal in a case like this, and an application for the allowance necessarily includes an application for the certificate, unless it has been obtained before, because the certificate is one of the ingredients of an allowance. The want of a certificate is good reason for refusing to allow an appeal, but until it has been asked for and refused its absence furnishes no ground for a writ of error from this court.

The principle on which this case rests is illustrated by what was decided in *Gregory* v. *McVeigh*, 23 Wall. 294. In Virginia, the Supreme Court of Appeals is the highest court of the state. Judgments of the Corporation Court of Alexandria can only be taken there for review on leave of the Court of Appeals itself or some judge thereof. Gregory, against whom a judgment had been rendered in the Corporation Court, applied to each and every one of the judges of the Court of Appeals for a writ of error, but his applications were all rejected because the judgment was "plainly right." This, by a statute of Virginia, was a bar to any application to the court for the same purpose, and Gregory thereupon sued out a writ of error from this court to the Corporation Court, as the highest court of the state in which a decision in the suit could be had. Upon a motion to dismiss we upheld our jurisdiction, because everything had been done that could be to take the case to the

Court of Appeals, and its doors had "been forever closed against the suit, not through neglect, but in the regular order of proceeding under the law governing the practice." Had the court itself refused the leave upon an application for that purpose, its refusal would have been equivalent to a judgment of affirmance, which could have been reviewed in this court; but as in the regular course of proceeding that had been done which prevented either a review of a judgment of the Court of Appeals or an application to that court for a writ of error, the judgment of the Corporation Court had become the judgment of the highest court of the state in which a decision in that suit could be had, and consequently was reviewable here as such.

So, here, if an application to the Superior Court for an appeal had been refused, the doors of the Court of Appeals would have been closed against the suit, and we could have proceeded accordingly. As it is, we find nothing in the record to show that the suit could not have been taken to the Court of Appeals if the necessary application had been made, and, consequently, we have no right to proceed. It matters not that the judgment of the Superior Court is in accordance with what was decided by the Court of Appeals on the former appeal. The judgment is still the judgment of the Superior Court, which is not the highest court of the state, and it might have been taken to the Court of Appeals for review if the grant of an appeal had been applied for and secured. *McComb* v. *Commissioners of Knox County*, 91 U. S. 1; *Kimball* v. *Evans*, 93 U. S. 320; *Davis* v. *Crouch*, 94 U. S. 514, 517. We are not to assume that an appeal would not have been granted if applied for. The record must show its refusal.

*The motion to dismiss is granted.*