## BERGEMANN v. BACKER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEW JERSEY.

No. 709.  Submitted March 5, 1895. — Decided April 1, 1895.

When a prisoner is indicted in a state court for murder, it is for the courts
of the State to decide whether the indictment sufficiently charges that
crime in the first degree.

In view of the decisions by the highest court of New Jersey, referred to in
the opinion, declaring the meaning and scope of the statutes of that
State under which the accused was prosecuted, it cannot be held that he
was proceeded against under an indictment based upon statutes denying
to him the equal protection of the laws, or that were inconsistent with
due process of law, as prescribed by the Fourteenth Amendment to the
Constitution.

The refusal by the state court to grant a writ of error to a person convicted
of murder, or to stay the execution of a sentence, will not warrant a court
of the United States in interfering in his behalf by writ of *habeas
corpus.*

When a state court has jurisdiction of the offence and the accused under an
indictment found under statutes of the State not void under the Consti-
tution of the United States, and proceeds to judgment under such stat-
utes, a Circuit Court of the United States has no authority to interfere
with the execution of the sentence by means of a writ of *habeas corpus.*

THE case is stated in the opinion.

*Mr. William D. Daly, Mr. Thomas J. O'Brien,* and *Mr.
James J. Furey* for appellant.

*Mr. J. S. Salmon* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

The appellant, August Bergemann, was convicted in the Court
of Oyer and Terminer of Morris County, New Jersey, of the
crime of murder in the first degree under an indictment, charg-
ing that, on a day and within the county named, he "did
wilfully, feloniously, and of his malice aforethought kill and
murder" one Julius Bergemann, "contrary to the form of the

statute in such case made and provided, and against the peace of the State, the government and dignity of the same."

Being in custody of the sheriff, awaiting the time fixed for his execution under a sentence of death, he presented his petition to the Circuit Court of the United States for the District of New Jersey, representing that he had applied to all the courts of the State having power in the premises to stay his said execution, and for a writ of error to review the judgment of conviction, but his application had been denied; that the indictment against him charged the crime of murder of the second degree, and not murder of the first degree; that he was not informed of the crime of murder of the first degree by any indictment, "as by the Constitution and laws of the land he should have been so charged before he could have been convicted thereof;" that "he ought not to have been sentenced to death, as the said court was without jurisdiction in the premises, and could not have imposed said judgment under said indictment according to the Constitution and law of the land;" and that "the said conviction and the judgment of said court thereon was in violation of the Fourteenth Amendment of the Constitution of the United States, in that he was denied the equal protection of the laws, as contemplated by said amendment, and the Sixth Amendment, which requires that the defendant shall be informed of the nature and cause of the accusation made against him."

Upon these grounds he prayed that a writ of *habeas corpus* be issued. The application for the writ having been denied, he prayed, and was allowed, an appeal pursuant to the statute.

The application for the writ of *habeas corpus* was properly denied. The Court of Oyer and Terminer had jurisdiction both of the offence charged and of the accused. Rev. Stats. N. J. 1877, 272, § 30.

Whether the indictment sufficiently charged the crime of murder in the first degree was for that court to determine. *Caldwell* v. *Texas*, 137 U. S. 692, 698.

Nor is there any ground for the contention that the laws of New Jersey prescribing the form of indictments in cases of murder or manslaughter are inconsistent with the due process

of law, or the equal protection of the laws required by the Fourteenth Amendment of the Constitution of the United States. By the sixty-eighth section of the New Jersey Crimes Act it is provided : " All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate, and premeditated killing, or which shall be committed in perpetrating, or attempting to perpetrate, any arson, rape, sodomy, robbery or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree; and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree." Rev. Stats. N. J. 1877, 239, § 68. And by the forty-fifth section of the Criminal Procedure Act it is provided : " In any indictment for murder or manslaughter it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient in every indictment for murder to charge that the defendant did wilfully, feloniously, and of his malice aforethought kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter to charge that the defendant did feloniously kill and slay the deceased." Rev. Stats. N. J. 1877, 275, § 45.

In *Graves* v. *State*, 45 N. J. Law, 203, it was held that an indictment charging, in a general form, the perpetration of a murder, without indicating which of the two felonies into which that offence was divided by the statute, was sufficient to fulfil the constitutional requirement of informing the defendant of the nature and cause of the accusation against him. The effect of the statute, Chief Justice Beasley said, was neither to add any case to nor take any case from the class of crimes. which, at common law, was denominated murder, for every act that was murder at common law was still murder in New Jersey. What the statute effected, he said, was to distribute the offence into two classes for the sake of adjusting the punishment. In the same case in the Court of Errors and Appeals, 45 N. J. Law, 347, 358, Chancellor Runyon, after observing that the legislature, in declaring what shall constitute murder

in the first degree, and what murder of the second, created no new crimes, but merely made a distinction with a view to a difference in the punishment between the most heinous and the less aggravated grades of the crime of murder, said: "When the legislature, commendably simplifying the form of the indictment, provided that in charging the crime it should not be necessary to set forth the manner in which or the means whereby the death was caused, but that it should be sufficient to charge that the defendant wilfully, feloniously and of his malice aforethought, killed and murdered the deceased, it merely provided that in a charge of murder, a crime well understood and defined in the law, it should be enough to charge the crime in language sufficient to designate it. . . . According as he shall or shall not be proved to have committed the crime of murder, he shall be convicted or acquitted; and if convicted, according as it shall be proved that he committed it under the circumstances which characterize the one degree or the other, so it will be found or adjudged with a view to his punishment, and he will be punished accordingly. No right of the defendant was violated, nor any privilege of his disregarded or contravened by convicting him of murder of the first degree on an indictment which described the crime according to the statutory form." Substantially the same views were expressed by this court in respect of a similar statute in force in the Territory of Utah. *Davis* v. *Utah Territory,* 151 U. S. 262, 266, *et seq.*

In view of these decisions, declaring the meaning and scope of the statutes under which the accused was prosecuted, it cannot be held that he was proceeded against under an indictment based upon statutes denying to him the equal protection of the laws, or that were inconsistent with due process of law, as prescribed by the Fourteenth Amendment of the Constitution of the United States.

It is equally clear that the refusal of the courts of New Jersey to grant the accused a writ of error or to stay the execution of the sentence passed upon him constituted no reason for interference in his behalf by a writ of *habeas corpus* issued by a court of the United States.

If the proceedings in the Court of Oyer and Terminer could not, under the laws of New Jersey, be reviewed in a higher court of that State, except upon the allowance of a writ of error by such court or by some judge, and if such allowance was refused, then the judgment of the court of original jurisdiction was, within the meaning of the acts of Congress, the judgment of the highest court of the State in which a determination of the case could be had, and such judgment could have been, upon writ of error, reëxamined here, if it had denied any right, privilege, or immunity specially set up and claimed under the Constitution of the United States. *Gregory v. McVeigh*, 23 Wall. 294, 306; *Fisher v. Perkins*, 122 U. S. 522, 526.

If an indictment in a state court, under statutes not void under the Constitution of the United States be defective, according to the essential principles of criminal procedure, an error in rendering judgment upon it — even if the accused at the trial objected to it as insufficient — should not be made the basis of jurisdiction in a court of the United States to issue a writ of *habeas corpus*. The court below having had jurisdiction of the offence and of the accused, and having proceeded under a statute not repugnant to the Constitution of the United States, the Circuit Court of the United States had no authority to interfere, by means of a writ of *habeas corpus*, with the execution of the sentence. *Andrews v. Swartz*, 156 U. S. 272; *New York v. Eno*, 155 U. S. 89, 98.

The judgment is

*Affirmed.*