## PETITION OF ALFRED J. AUDET FOR WRIT OF HABEAS CORPUS.

### JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Divorce. Allowance. Constitutional Law. Due Process of Law.*
Gen. Laws, cap. 247, § 14, in providing that an allowance in a divorce proceeding shall be so far regarded as a judgment for debt that executions may issue thereon for amounts due and unpaid, to be shown by affidavits of the person entitled to the same, and the attorney of record of such person, such executions to run against the goods and chattels of the husband and for want thereof against his body, is not obnoxious to Cons. U. S. Art. XIV, § 1, of amendments as depriving a respondent of his liberty or property without due process of law.

HABEAS CORPUS. Certified from Superior Court.

VINCENT, J. The petitioner is confined in the Providence county jail by virtue of an execution issued out of the Superior Court for the counties of Providence and Bristol

under Section 14, Chapter 247 of the General Laws of Rhode Island. The statute in question is as follows: "The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by them divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same; may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper; which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body; and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein."

(1) The petitioner claims that his commitment upon said execution deprives him of his liberty contrary to the provision of paragraph 1, Article 14 of the Constitution of the United States, which says, "nor shall any state deprive any person of life, liberty or property without due process of law."

The petitioner was the respondent in a proceeding for divorce instituted by his wife. . The divorce was granted and a decree was entered covering a weekly allowance for the support of the petitioner in accordance with the statute above recited. The respondent, the petitioner here, having neglected for a period of some weeks to pay the required. amount, his delinquency in that regard was brought to the attention of the court by affidavit as provided by the statute, whereupon an execution for the amount due was issued and the respondent in default of payment was committed to jail.

The petitioner has presented argument and cited authorities to the effect that under that portion of the Constitution of the United States upon which he relies a person cannot be deprived of his liberty or property without "due process of law," some of the authorities cited containing a definition of "due process of law."

It will not be necessary to discuss these authorities generally. In the case of *Zeigler* v. *South and North Alabama Railroad Company*, 58 Ala. 594, the court said: "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in the most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law.

"We have held that it is within the power of legislation to declare that certain proof shall be *prima facie* evidence of specified facts. But, at the same time, we decided that the legislature could not constitutionally ordain that such proof should be conclusive evidence of material facts in controversy. The first is a mere rule of evidence. The last has been characterized as 'a confiscation of property.'"

With this statement of the law we have no controversy. To state the matter of the petitioner's claim more specifically, he contends that the statute in question does not provide for a hearing upon the question as to whether payment of the allowance under the decree had been made; that in the present case he had had no hearing in fact and that such question was adjudicated in his absence.

The petitioner, as the respondent in the divorce proceeding had full knowledge of the entry of the decree providing for the weekly allowance to his wife, and that upon his failure to meet such payments the same would ripen into a judgment upon which an execution might be issued against him and upon which he would be liable to be committed to jail.

If he was of insufficient ability to pay the allowance he had the opportunity of presenting testimony and argument to that effect to the court at the time when the decree was entered. If he became so impoverished at some later period as to be unable to continue such payments, he could have represented that fact to the court and sought a modification of the decree or the annulment of that portion which related to allowance. The petitioner does not now allege that he has paid the allowance or that he had failed to pay it through lack of means and it may therefore be assumed that he has neither paid or become too poor to pay.

With full knowledge of the judgment that was maturing against him under the statute and the decree of the court, and that execution would become issuable thereon, the petitioner made no effort to modify or annul the decree, so far as the matter of allowance is concerned, but remained quiescent until he was committed to jail and then asks for a writ of *habeas corpus* upon the ground that an execution was issued upon the judgment against him without a hearing. His position is no different from that of any other judgment debtor who might contend that an execution was issued against him without his being accorded a hearing as to whether he had already paid the judgment.

We see nothing unconstitutional in the act of the General Assembly in question nor that the petitioner has been in any way deprived of his liberty or property without due process of law.

Our decision is that Section 14 of Chapter 247 of the General Laws of Rhode Island is not contrary to the provisions of Section 1, Article XIV of the amendments to the Constitution of the United States. The papers in the cause, with our decision certified thereon, are sent back to the Superior Court for further proceedings.

*Hammill & Bradford,* for petitioner.
*Edward W. Bradford,* of counsel.
*William S. Flynn,* for respondent.