Ex parte MERRILL.

(District Court, E. D. Michigan, N. D. October 27, 1917.)

1. COURTS ⟨☞⟩366(10)—STATE DECISIONS—FORCE IN FEDERAL COURTS.

Where a person, imprisoned by the judge of probate for refusing or neglecting to perform an order, under Comp. Laws Mich. 1915, § 13765, authorizing imprisonment in such case, applied to the state circuit court for a writ of habeas corpus, which was dismissed, and the Supreme Court denied a writ of certiorari, applied for on the ground that the statute violated the constitutional provision against imprisonment for debt and was unconstitutional on other grounds, a federal court, to which application was subsequently made for a writ of habeas corpus, cannot consider contentions that the statute is contrary to the state Constitution, as a federal court will not interfere with a decision of the highest state court, determining the validity of a statute under the state Constitution.

2. CONSTITUTIONAL LAW ⟨☞⟩315—COURTS ⟨☞⟩202(4)—PROBATE COURTS—DUE PROCESS OF LAW.

Under Comp. Laws Mich. 1915, § 13765, authorizing the judge of probate to issue warrants for the arrest and imprisonment of any person refusing or neglecting to perform any order, sentence, or decree of such court, until he shall perform such order, sentence, or decree, the issuance of such warrant is a method of enforcing the order of the court, in the nature of a body execution, and not in the nature of a proceeding to punish for contempt, especially in view of the further provision of that section, authorizing the probate court to punish contempts; and hence the warrant may be issued, without a previous order therefor and without notice, without denying due process of law.

3. HABEAS CORPUS ⟨☞⟩45(5)—GRANT BY FEDERAL COURTS—DETENTION BY STATE AUTHORITIES.

Where a person, imprisoned by a probate court for refusal or neglect to perform an order of that court, applied to the state circuit court for a writ of habeas corpus, which was dismissed, and a writ of certiorari was refused by the Supreme Court, a federal court would not issue a writ of habeas corpus on the ground that the statute under which he was imprisoned denied due process of law, as there was nothing to take the case out of the general rule that, in the absence of unusual and urgent reasons, federal courts will not interfere by habeas corpus with judgments of state courts from which an appeal can be taken by writ of error to the United States Supreme Court.

Petition by Herbert W. Merrill for a writ of habeas corpus. Writ dismissed.

G. W. Davis and Frank A. Rockwith, both of Saginaw, Mich., for petitioner.

Weadock & Weadock, of Saginaw, Mich., for respondent.

TUTTLE, District Judge. This is a petition for writ of habeas corpus, sought by the petitioner to secure his release from imprisonment in the county jail of Saginaw county, Mich., where he is detained under a warrant issued by the probate judge of such county during the course of certain proceedings pending in said court.

On February 5, 1915, an order was made by said probate court in the matter of the estate of William Merrill, deceased, directing petitioner, as one of the executors of the will of said deceased, to forthwith pay to one Eric W. Wessborg, executor of the will of Alice E.

⟨☞⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Merrill Wessborg, deceased (daughter of the aforementioned William Merrill), all dividends collected by petitioner on certain shares of corporate stock bequeathed by said William Merrill to his said daughter, amounting on January 1, 1915, to $3,652, together with all dividends on said stock accruing between the last-mentioned date and the date of said order. From such order petitioner appealed to the circuit court for Saginaw county, which court affirmed the order of the probate court. An appeal was thereupon taken from such circuit court to the Supreme Court, the court of last resort in Michigan, which affirmed the decision and judgment of the circuit court. Upon the filing of the remittitur in the probate court, said Wessborg, on June 12, 1917, made a written demand upon petitioner for the payment of the dividends already mentioned, with notice that unless such money were paid on or before June 14, 1917, at noon, such order of the probate court would be enforced according to the statute in such case made and provided. The statute referred to is section 13765 of the Michigan Compiled Laws of 1915 which provides that such judge of probate shall have power, among other things:

"To issue warrants directed to any sheriff, constable, or other proper officer in this state, requiring him to apprehend and imprison any person who shall refuse or neglect to perform any order, sentence or decree of the probate court, requiring such officer to apprehend and imprison such person in the common jail of the county, until he shall perform such orders, sentence or decree, or be delivered by due course of law."

No attention having been paid to this demand, on June 15, 1917, upon the filing in said probate court of a verified petition of said Wessborg, showing the service of such demand and the failure to comply therewith, a warrant was issued by the judge of said probate court, addressed to the sheriff or any constable of the county, reciting the facts already mentioned, and directing him forthwith to arrest and imprison petitioner in the common jail of the county until he should perform the said order of said court or be delivered by due course of law. Thereupon the sheriff of such county arrested petitoner and imprisoned him as directed.

On the same day, petitioner obtained a writ of habeas corpus from the circuit court of said county and was released on bail, pending a determination by such court of the validity of his imprisonment. Petitioner alleged that the issuance of the warrant was illegal for a number of reasons, most of which are unnecessary to mention here. Among such reasons, however, it was alleged that the statute under which such warrant was issued was contrary to the Michigan Constitution, in that it provided for imprisonment for debt, in violation of the provision of such Constitution prohibiting the imprisonment of any person for debt arising out of, or founded on, a contract, express or implied. The constitutionality of such statute was attacked, also, on other grounds.

After full argument and reargument, and careful deliberation, the circuit court overruled the contentions of petitioner and dismissed the writ of habeas corpus, remanding the prisoner to the custody of the sheriff. Thereupon petitioner applied to the Supreme Court

of the state for a writ of certiorari to review the order dismissing said writ of habeas corpus, setting out in his petition for such certiorari fully all of the facts and circumstances and the legal grounds upon which he relied, including the constitutional objections already referred to. This writ the Supreme Court refused to grant, filing no opinion and assigning no reasons for its decision. Thereafter petitioner applied to said circuit court for a writ of injunction restraining the sheriff from further detaining him under the warrant in question. An order to show cause why an injunction should not be granted was issued, but on the hearing of such order the petition was denied and the injunction refused.

Thereupon petitioner filed his application in this court, reciting briefly the facts already referred to, and alleging that, because the warrant under which he is imprisoned was issued without a previous order and without notice to him, such warrant does not constitute due process of law; that the statute authorizing such warrant is contrary to the Michigan Constitution for the reasons previously presented to, and overruled by, the state court, and that such warrant and statute, depriving petitioner of his liberty without due process of law, are in conflict with the United States Constitution.

The facts as already stated are not in dispute, and the sole question presented is whether on such facts petitioner is entitled to his discharge by habeas corpus from this court.

[1] It is, of course, well settled that a federal court will not interfere with a decision of the highest court in a state, determining the validity under the state Constitution of a statute of such state. Merchants' & Manufacturers' National Bank v. Pennsylvania, 167 U. S. 461, 17 Sup. Ct. 829, 42 L. Ed. 236; Rasmussen v. Idaho, 181 U. S. 198, 21 Sup. Ct. 594, 45 L. Ed. 820. I cannot, therefore, consider the questions raised by the contentions that this statute is contrary to the Michigan Constitution.

[2] The arguments of petitioner, based on the contention that his imprisonment is without due process of law and contrary to the United States Constitution, are necessarily founded upon the idea that the issuance of such warrant is in the nature of a proceeding to punish for contempt of court, rather than in the nature of process to enforce an order of the court. With this contention, however, I am unable to agree. It seems to me that the purpose of the statute authorizing such warrant was to provide an effective, if somewhat summary, method of enforcing the orders of the probate court, and that the warrant so authorized is in the nature of a body execution. This construction of the statute is, I think, fortified by the fact that in another subdivision of the same section of the statute, and following the provision already considered, the probate judge is empowered "to punish any contempt of his authority, in like manner as such contempt may be punished in the circuit court." It seems clear that the specific granting of the power to punish for contempt of court, following the granting of the power to issue the warrant in question, indicates an intention to confer two separate and distinct powers; the one being the power to enforce the orders of the court, and the other the power to punish for contempt of court.

This being so, the warrant could, of course, be issued by the judge, without a previous order therefor, and without notice to petitioner. Ex parte Murray (D. C.) 35 Fed. 496; Ex parte Audet, 38 R. I. 43, 94 Atl. 678; High v. Bank of Commerce, 95 Cal. 386, 30 Pac. 556, 29 Am. St. Rep. 121. In the case of Ex parte Audet, supra, substantially the same state of facts was presented, and in overruling the contentions of petitioner for a writ of habeas corpus the court said:

"With full knowledge of the judgment that was maturing against him under the statute and the decree of the court, and that execution would become issuable thereon, the petitioner * * * remained quiescent until he was committed to jail, and then asks for a writ of habeas corpus upon the ground that an execution was issued upon the judgment against him without a hearing. His position is no different from that of any other judgment debtor who might contend that an execution was issued against him without being accorded a hearing as to whether he had already paid the judgment. We see nothing unconstitutional in the act of the General Assembly, * * * nor that petitioner has been in any way deprived of his liberty or property without due process of law."

In Ex parte Murray, supra, involving similar facts and questions, the principles applicable were well expressed by the court as follows:

" 'Due process of law' means 'in the due course of legal proceedings, according to the rules and forms which have been established for the protection of private rights.' 'Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of his life, liberty, or property, and to have the right of controverting every material fact which bears on the question of right in the matter involved.' One mode of enforcing the decree of the court under which the writ of attachment here complained of issued is by process of attachment against the petitioner, the party against whom the decree was rendered. Another mode is by process of sequestration against his property. This was the law when the proceedings in which the decree was rendered were had, and the petitioner knew it. The petitioner was a party to such proceedings, was present in court, had his day, and controverted the right of the complainant in said proceedings to have the decree which was obtained. The court pronounced judgment against petitioner, the effect of which was to involve his property and his liberty; for the statute of Alabama provided that such decree might be enforced by process of * * * sequestration against his property, as well as by execution. If, then, his property is taken or his liberty restrained under this decree, is it not in the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights? It seems so to me. No person shall be deprived of his property, any more than of his liberty, without due process of law. Now, suppose an execution should be issued on the decree, and should be levied by the sheriff on the property of the petitioner, and it is so sold by the sheriff. The petitioner would certainly be deprived of his property. Could he justly complain that he had been deprived of his property without due process of law? Where is the difference? * * * I am unable to perceive how the petitioner is deprived of his constitutional rights any more by the one process than by the other. And it will hardly be contended that the decree could not be enforced by the levy of an execution on or by the sequestration of his property."

[3] It is, however, unnecessary to determine the questions herein raised, for the reason that I have reached the conclusion that there is nothing in this case, not present in every habeas corpus case, to take it out of the general rule that, in the absence of unusual and urgent reasons, the federal courts will not interfere by habeas corpus with

the judgments of state courts from which an appeal can be taken by writ of error to the United States Supreme Court. Ex parte Frederich, 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653; Bergemann v. Backer, 157 U. S. 655, 15 Sup. Ct. 727, 39 L. Ed. 845; Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748; Tinsley v. Anderson, 171 U. S. 101, 18 Sup. Ct. 805, 43 L. Ed. 91; Reid v. Jones, 187 U. S. 153, 23 Sup. Ct. 89, 47 L. Ed. 116; United States v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343; Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760. As was said in Ex parte Frederich, supra:

"While the writ of habeas corpus is one of the remedies for the enforcement of the right to personal freedom, it will not issue as a matter of course, and it should be cautiously used by the federal courts in reference to state prisoners. * * * · The general rule and better practice, in the absence of special facts and circumstances, is to require a prisoner who claims that the judgment of a state court violates his rights under the Constitution or laws of the United States to seek a review thereof by writ of error instead of resorting to the writ of habeas corpus."

The rule and the reasons therefor are thus stated in Urquhart v. Brown, supra:

"It is the settled doctrine of this court that, although the Circuit Courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice, or judge has a discretion as to the time and mode in which the power so conferred shall be exerted, and that, in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a federal court or a federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for re-examination. The exceptional cases in which a federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency that require to be promptly disposed of, such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.' The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the Supreme Court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court."

Nor does it appear that the situation is affected by the fact that the decision of the Michigan Supreme Court was a refusal to grant the writ of certiorari to the circuit court. The facts and questions involved were fully stated in the affidavit for the writ, and it must be assumed that these facts and questions were duly considered by the Supreme Court before rendering its decision. No reason appears why petitioner could not have taken an appeal to the United States Supreme Court. The writ of habeas corpus is not a writ of error, and should not be used as a substitute for that writ, in the absence of special circumstances which do not appear to be present here. As was

pointed out by the United States Supreme Court in Bergemann v. Backer, supra, where a similar situation was involved:

"It is equally clear that the refusal of the courts of New Jersey to grant the accused a writ of error or to stay the execution of the sentence passed upon him constituted no reason for interference in his behalf by a writ of habeas corpus issued by a court of the United States. If the proceedings in the court of oyer and terminer could not, under the laws of New Jersey, be reviewed in a higher court of that state, except upon the allowance of a writ of error by such court or by some judge, and if such allowance was refused, then the judgment of the court of original jurisdiction was, within the meaning of the acts of Congress, the judgment of the highest court of the state in which a determination of the case could be had, and such judgment could have been, upon writ of error, re-examined here, if it had denied any right, privilege, or immunity specially set up and claimed under the Constitution of the United States. Gregory v. McVeigh, 90 U. S. 294 [23 L. Ed. 156]; Fisher v. Carrico, 122 U. S. 522, 526 [7 Sup. Ct. 1227, 30 L. Ed. 1192]."

For the reasons stated, I am of the opinion that petitioner is not entitled to be discharged on this writ of habeas corpus, and such writ is therefore dismissed.

---
⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes