**CAPONE v. ADERHOLD, Warden.** *

**No. 426.**

District Court, N. D. Georgia.
Jan. 25, 1933.

---

*Order affirmed — F.(2d) —.

William E. Leahy and William J. Hughes, Jr., both of Washington, D. C., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., G. A. Youngquist, Asst. Atty. Gen., and Dwight H. Green, U. S. Atty., of Chicago, Ill., for respondent.

UNDERWOOD, District Judge.

This is a proceeding on application for writ of habeas corpus, wherein petitioner claims that he is unlawfully detained and restrained of his liberty by the respondent on the ground that the sentence under which he is held is void because beyond the jurisdiction of the trial court to impose.

Respondent filed a motion to dismiss the petition for insufficiency appearing on its face. The hearing was on this motion, and the facts as alleged in the petition are taken as true.

Petitioner was convicted, in the District Court of the United States for the Eastern Division of the Northern District of Illinois, on three counts (1, 5, and 9) of an indictment of twenty-two counts, returned on June 5, 1931, which charged in substance, as summarized in the petition, that:

"Petitioner, on March 15, 1926, unlawfully, fraudulently and willfully attempted to evade and defeat an income tax in the sum of $55,365.25 for the calendar year 1925, due and payable March 15, 1926, in violation of Section 1114 (b) of the Revenue Act of 1926 (26 USCA § 1266)."

"Count 5: Petitioner, on March 15, 1927, unlawfully, fraudulently and willfully attempted to evade and defeat an income tax in the sum of $39,962.75 for the calendar year 1926, due and payable March 15, 1927, in violation of Section 1114 (b) of the Revenue Act of 1926 (26 USCA § 1266)."

"Count 9: Petitioner, on March 15, 1928, unlawfully, fraudulently and willfully attempted to evade and defeat an income tax in the sum of $45,557.76 for the calendar year 1927, the said tax being due and payable March 15, 1928, in violation of Section 1114 (b) of the Revenue Act of 1926 (26 USCA § 1266)."

On each of said counts, 1, 5 and 9, petitioner was sentenced to imprisonment in the penitentiary for a period of five years, and to pay a fine of $10,000 and costs of prosecution.

The sentence on count 5 was made to run concurrently with the sentence imposed on

count 1, and the sentence on count 9 was to follow the termination of imprisonment under the concurrent sentences imposed on counts 1 and 5.

Pursuant to the above sentences, petitioner was committed to the United States penitentiary at Atlanta, Ga., from which he seeks release by this proceeding.

Petitioner contends that the sentences are void and the imprisonment thereunder unlawful because the indictment upon which they are based shows on its face that the offenses charged in counts 1, 5, and 9 were barred by the statute of limitations, and that, at the trial, no fact was proved in evidence or claimed to exist which would prevent the running of the statute.

The pertinent part of the statute of limitations in question is as follows (18 USCA § 585): "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense. For offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, the period of limitation shall be six years, which period of limitation shall not apply to acts, offenses, or transactions which were barred by law on June 2, 1924. The time during which the person committing the offense is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings. The provisions of this section shall not apply to offenses committed prior to June 2, 1924. Where a complaint shall be instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district. This section shall not apply to offenses committed by officers of the United States."

Petitioner, at the trial and after all the evidence was in, invoked the benefit of the statute by motion to direct a verdict in his favor, and now contends that such motion was equivalent to a plea in bar.

The grounds of the motion to direct a verdict were, according to the allegations of the petition, that the statute above quoted "provided that no person should be prosecuted, tried or punished for the offenses charged in counts 1, 5 and 9, unless the indictment was found within three years next after the commission of the charge; that the indictment showed on its face that it was returned June 5th, 1931, which was more than three years after the alleged commission of the offenses charged in counts 1, 5 and 9, and that the said statute was an absolute bar to your petitioner's being prosecuted, tried, or punished for the commission of said alleged offenses."

It will be observed that this motion was in the nature of a demurrer to the indictment rather than a plea, and that it included no allegation of fact which would exclude the applicability of the provisions that "the time during which the person committing the offense is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings." As far as the allegations of the motion are concerned, petitioner may have been absent from the district from the time of the commission of the offense until the finding of the indictment. If so, of course the statute had not run, since this provision is as integral a part of the statute as the three-year period named.

It is well settled that a plea of the statute of limitations cannot be made by demurrer (U. S. v. Cook, 17 Wall. 168, 21 L. Ed. 538; Greene v. United States [C. C. A. 5th] 154 F. 401, 411, certiorari denied 207 U. S. 596, 28 S. Ct. 261, 52 L. Ed. 357, and many other cases), but that same is an affirmative defense that must be pleaded or be deemed to be waived (Johnson v. United States, 13 Fed. Cas. 867, No. 7418). Of course, the form of the plea, or what it may be called, is immaterial. If it substantially raises the issues necessary to make it effective, it is sufficient regardless of its form or appellation. United States v. Goldman, 277 U. S. 229, 48 S. Ct. 486, 72 L. Ed. 862.

It is true that in the twelfth paragraph of the petition it is alleged that "the United States interposed no traverse, offered and proved no fact by way of traverse which might prevent the tolling of said statute; that no fact was proved in evidence and the prosecution did not claim the existence or proof of any such fact which had prevented the tolling of said statute; that neither the Court nor the jury had submitted to it any such fact for decision; on the contrary, the prosecution contended solely that the three year statute pleaded by petitioner did not, as a matter of law, apply to the offenses with which petitioner was charged in counts 1, 5 and 9," but it is not averred that these allegations were a part of the motion to direct a

verdict or were brought to the attention of the court or that the court was called upon to do anything more than to construe the statute and to determine, as a matter of law, whether the three or six year limitation was applicable. The ruling was in favor of the contention of the government, so it was not called upon to produce further evidence, and petitioner failed to do so, relying upon the question of law he had raised and excepting, as was the proper procedure, to ruling of the Court.

In my opinion, no traverse of the motion to direct a verdict was called for, since it raised no issue of fact, as would have been the case if it had alleged that petitioner had not been absent from the district or had not been absent a sufficient length of time to prevent the bar of the statute. The fact alleged in the motion was merely that the indictment showed on its face that the offense charged had been committed more than three years before the finding of the indictment. This was not denied. There was no need of a traverse. If the motion had put in issue, the question of fact as to whether or not petitioner had been within the district a sufficient length of time for the statute to establish a bar, then traverse by the prosecution might have been necessary, but this was not done, and the court, according to the allegations of the petition, overruled the motion on the ground that the six-year limitation was applicable.

Petitioner does not now allege that he was within the district where the offenses were committed a sufficient length of time thereafter to bar the actions against him by the running of the statute, but merely avers that no evidence on the subject was produced at the trial, so that one cannot say even at this time whether the actual facts would show that the actions were barred or were brought well within the period allowed by the statute.

Certainly this court cannot go into an investigation of the question and make an independent finding on the subject. Harlan v. McGourin, 218 U. S. 442, 444, 445, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849.

After petitioner's motion to direct a verdict was overruled and exception taken, he appealed his case to the Circuit Court of Appeals for the Seventh Circuit, which affirmed the judgment of conviction of the District Court [56 F.(2d) 927]. Application to the Supreme Court for writ of certiorari was made, but denied (284 U. S. 669, 52 S. Ct. 44, 76 L. Ed. 566). It does not appear whether or not petitioner, in the appellate courts, attacked the order of the trial court overruling this motion, but, whether he did or not, he excepted to the ruling, and could have done so, and cannot now review the question in this court on habeas corpus. The fact that the Supreme Court later, in the case of United States v. Scharton, 285 U. S. 518, 52 S. Ct. 416, 76 L. Ed. 917, decided that the three-year and not the six-year limitation was applicable in cases of this kind, does not affect this proceeding on habeas corpus.

As was said in the case of Goto v. Lane, 265 U. S. 393, 402, 44 S. Ct. 525, 527, 68 L. Ed. 1070, the judgment, though erroneous, was not void, and was "subject to correction in regular course on writ of error. If the questions presented involved the application of constitutional principles, that alone did not alter the rule. Markuson v. Boucher, 175 U. S. 184, 20 S. Ct. 76, 44 L. Ed. 124. And, if the petitioners permitted the time within which a review on writ of error might be obtained to elapse and thereby lost the opportunity for such a review, that gave no right to resort to habeas corpus as a substitute. Riddle v. Dyche, 262 U. S. 333, 43 S. Ct. 555, 67 L. Ed. 1009. And see Craig v. Hecht, 263 U. S. 255, 44 S. Ct. 103, 68 L. Ed. 293."

It has been so often and so definitely held by the United States Supreme Court that, on habeas corpus, only the jurisdiction of the court whose judgment is challenged can be called in question, that the rule has become elementary. Knewel v. Egan, 268 U. S. 442, 445, 45 S. Ct. 522, 69 L. Ed. 1036.

I do not think petitioner questions this principle of law, but he seeks to get around it by the claim that, because the indictment was not found within the three-year period of the statute, the trial court had no jurisdiction at all to try or punish him, or at least lost such jurisdiction when the statute was pleaded in the form of the motion to direct a verdict.

There can be no question that the trial court had jurisdiction over the offenses and over the petitioner. I do not think it can be doubted that the court had jurisdiction to construe the statute of limitations and to determine whether the plea of the statute was good. An incorrect judgment would be erroneous, but not void, even though the question presented involved constitutional principles, as was claimed in the case of Goto v. Lane, supra.

But petitioner contends that, because the words of the statute provide that the offender

shall not be "prosecuted, tried, or punished * * * unless the indictment is found * * * within three years next after the commission of the offense," the court lost jurisdiction to continue the trial at the moment and because of the presentation of the motion to direct a verdict and that everything done thereafter was void. If this be true, I do not see how the question thus raised could be determined or what court would have jurisdiction to decide it. Apparently upon merely making the motion an offender would go free.

It seems to state such a proposition is to answer it. In Goto v. Lane, 265 U. S. 393, on page 403, 44 S. Ct. 525, 527, 68 L. Ed. 1070, the Supreme Court, after stating that "an error in the exercise of jurisdiction" would not work "an entire disability to proceed to a trial and judgment," very pertinently remark that "had the accused been acquitted it hardly would be said that the acquittal was void."

Any other rule than that announced by the Supreme Court restricting the use of habeas corpus would make a federal court of a district wherein a penitentiary of the United States is located a court of appeals to retry all cases of prisoners who might apply for writs of habeas corpus. The soundness of such proposition is clearly pointed out in Knewel v. Egan, 268 U. S. 442, page 446, 45 S. Ct. 522, 524, 69 L. Ed. 1036, where the court says: "It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed. in habeas corpus proceedings. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; Ex parte Parks, supra [93 U. S. 18, 23 L. Ed. 787]; In re Coy, supra [127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274]; Bergemann v. Backer, supra [157 U. S. 655, 15 S. Ct. 727, 39 L. Ed. 845]; Howard v. Fleming, 191 U. S. 126, 24 S. Ct. 49, 48 L. Ed. 121; Dimmick v. Tompkins, 194 U. S. 540, 24 S. Ct. 780, 48 L. Ed. 1110; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070."

In the present case, as in Riddle v. Dyche, 262 U. S. 333, 43 S. Ct. 555, 67 L. Ed. 1009, petitioner's remedy was by writ of error.

"He did not avail himself of it, and, whatever may have been the cause or excuse for not doing so, habeas corpus cannot be used as a substitute." Page 335 of 262 U. S., 43 S. Ct. 555, 556.

Petitioner further contends in his brief, and for the first time, that the motion to dismiss the petition should be denied "because it does not lie and is moot after the issuance of the writ." The claim seems to be that the issuance of the writ ipso facto precludes any attack upon the legal sufficiency of the petition by motion to dismiss.

Upon presentation of the petition by counsel for petitioner, who lived in a distant city, the court, for their convenience, issued immediately the following order:

"Read and considered. Let the writ issue as prayed, returnable before me at Atlanta, Georgia, instanter.

"This the 21st day of September, 1932, 10:30 A. M.

"E. Marvin Underwood,
"United States Judge."

Within a short time petitioner was produced in court by respondent, and, by agreement of counsel for both sides, approved by the court, the hearing was set for a future date, at which time petitioner was again produced and an elaborate hearing had. Additional time for filing briefs was granted, and later was further extended at the request of petitioner's counsel.

There appears no reason why respondent should not be permitted, in such circumstances, to have the case disposed of on motion to dismiss, where it appears on the face of the petition itself that it is insufficient in law. This has long been the practice of this court, and I see no merit in petitioner's contention, nor that he has been deprived of any rights or prejudiced in any way by following such practice.

By an order accompanying this opinion, and in accordance therewith, the petition in this case has been dismissed, the writ discharged, and petitioner remanded to the custody of the respondent.