## STATE v. GURNEY HERRING.

(Filed 20 March, 1946.)

**1. Criminal Law § 78c—**

Assignments of error should be based upon exceptions briefly and clearly stated and numbered in the record, but in a capital case assignments of error not so based nevertheless may be considered. Rule 21.

**2. Rape § 1b—**

An indictment charging that defendant with force and arms did unlawfully, willfully and feloniously ravish and carnally know the prosecuting witness, a female, by force and against her will, *is held* sufficient to support a verdict of guilty of the capital offense and judgment of death pronounced thereon.

**3. Rape § 23—**

The failure of the court, in defining assault on a female, to state that the perpetrator must be a male over eighteen years of age will not be held for error on defendant's appeal, since there is a presumption that defendant is over eighteen years of age and the burden rests upon him to show the contrary.

**4. Criminal Law § 42c—**

In cross-examining a witness for the State, defendant is not entitled to ask a question which assumes facts which are not established or admitted.

**5. Rape § 4—**

In this prosecution for rape, evidence tending to show that defendant choked and beat the prosecuting witness and by the use of force had sexual intercourse with her against her will, together with testimony of an admission made by defendant to the chief of police that defendant had feloniously assaulted prosecutrix, *is held* sufficient to be submitted to the jury, and defendant's motion for a directed verdict of not guilty was properly refused.

APPEAL by defendant from *Carr, J.*, at November-December Term, 1945, of WAYNE.

The record was made complete by being made to show the arraignment of the defendant as shown by the affidavit of the Clerk of the Superior Court of Wayne County filed in this Court in response to motion of the State suggesting the diminution of the record.

The defendant was tried, convicted and sentenced to death upon a bill of indictment which charged that he, the defendant "did unlawfully, willfully and feloniously ravish and carnally know one Clarinette Brock, a female, by force and against her will, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

From judgment of death by asphyxiation, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*T. T. Thorne and George E. Hood for defendant, appellant.*

SCHENCK, J. The assignments of error set out in the appellant's brief are not based upon exceptions briefly and clearly stated and numbered in the record, therefore they would seem not to be in compliance with Rule 21, Rules of Practice in the Supreme Court, 221 N. C., 558, yet this being a capital case wherein the life of the defendant is at stake, these assignments of error will, nevertheless, be considered.

Under the first assignment of error set out in the appellant's brief he contends he is entitled to a discharge because the bill of indictment does not properly charge the offense of rape. The bill of indictment, in part, reads: ". . . that Gurney Herring, in Wayne County, on or before the 15th day of June, 1945, with force and arms, at and in the county afore-

said, did unlawfully, willfully and feloniously ravish and carnally know one Clarinette Brock, a female, by force and against her will." The indictment is sufficient to support the verdict of guilty of the capital offense and judgment of death pronounced thereon. *S. v. Farmer,* 26 N. C., 224; *S. v. Storkey,* 63 N. C., 7; *S. v. Johnson,* 67 N. C., 55; *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402. This assignment of error is not sustained.

In the second assignment of error set out in appellant's brief the defendant contends that the court erred in its charge in that in defining the offense of "Assault on female" the crime was not limited to males over the age of 18 years, and defendant argues that there is no evidence in the record tending to show the age of the defendant. This exception is without merit for the reason that if there was error committed the error was in defendant's favor as there is a presumption that the defendant was 18 years of age, and the burden rests upon him to show the contrary. *S. v. Lewis,* 224 N. C., 774, 32 S. E. (2d), 334, and cases there cited.

The third assignment of error set out in the appellant's brief is directed to the sustaining of the objection by the State to an interrogatory propounded to the prosecuting witness on cross-examination. The interrogatory was: "People said they have seen him (defendant) frequently going to your house, going in and out day and night. They are just mistaken?" The assignment of error is untenable for the reason that the question assumes facts which have not been established or admitted. 70 Corpus Juris, Witnesses, sec. 704, p. 545; *Carson v. Insurance Co.,* 171 N. C., 135 (137-8), 88 S. E., 145. And, too, it would seem that the interrogatory calls for hearsay evidence in reply.

In the fourth assignment of error set out in the defendant's brief the defendant contends that his motion for a directed verdict of not guilty should have been allowed. This contention is untenable in the face of the evidence introduced by the State; the prosecutrix testified, *inter alia,* that the defendant choked and beat her, and that by the use of force had sexual intercourse with her five or six times; the doctor, who examined the prosecutrix after the alleged assault, testified that there were marks on her throat and that her arms and legs were bruised; and, in addition, the record tends to show that the defendant admitted to the chief of police a felonious assault by him upon the prosecutrix.

The fifth assignment of error set out in the appellant's brief is directed to the judgment pronounced by the court. There can be but little, if any, discussion of this assignment. The verdict sustained the judgment, and the verdict was duly reached at the trial.

We have attentively examined and considered the exceptions as grouped, although not noted in the record, as well as the exceptions set

out in the appellant's brief, and with full realization of the result thereof, we have reached the conclusion that there exists no valid reason to disturb the judgment entered below.

No error.