**In the Matter of Richard R. CARDWELL
and Billie Jones, Petitioners.**

**Misc. No. 701.**

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1957.

Richard R. Cardwell, Billie Jones, petitioners, in pro. per.

Before POPE, FEE and BARNES, Circuit Judges.

PER CURIAM.

This court has received a document filed jointly by the above mentioned petitioners denominated "Causa Et Origo Est Materia Negotii" stating, "they believe they have a good cause in Causa Et Origo Est Materia Negotii." They pray that this court "grant this immediate action to insure the rights of petitioners' indigent circumstances, to show that the laws are for all the nobly born, the well connected and those of grosser clay, in the instant action persons of a different race than the majority of the community."

Their document cites Black's Law Dictionary, Coke, the U. S. Code and the Rules of Court of "the English Supreme Court." It is difficult to translate the document before us to anything more than the statement of these facts:

(a) "Causa Et Origo Est Materia Negotii" is a Latin phrase correctly translated by petitioners as "The cause and origin is the substance of the thing."

(b) Petitioners, (looking at a certified copy of the amended indictment under which, in the state courts of California, petitioner Cardwell was charged with eight counts of sale of narcotics, and petitioner Jones with two counts of the sale of narcotics, and with one prior narcotic conviction), find the signature of the Grand Jury Foreman typed, rather than signed by hand. They apparently urge that this entitles them to their release from prison.

This is a collateral attack upon an indictment. It is not an appeal. There is no such thing known to our law as a *writ* "Causa Et Origo Est Materia Negotii."

The most charitable interpretation we can arrive at is to consider this remarkable document as the equivalent of a Writ of Habeas Corpus, based upon the theory that petitioners' conviction was void. 28 U.S.C.A. § 2241(a), (c) (3) and § 2243. The sufficiency of an indictment upon which petitioner was convicted and sentenced may not be challenged by a petition for habeas corpus. Only when it plainly appears on the face of the record that no crime was charged in an indictment can a court by habeas corpus, inquire into validity of the indictment. Bergemann v. Backer, 157 U. S. 655, 15 S.Ct. 727, 39 L.Ed. 845; Brock v. Hudspeth, 10 Cir., 111 F.2d 447.

The Petition is denied as to each petitioner.