George **GODLOCK**, Petitioner,

v.

Major Fred R. **ROSS**, Respondent.

Civ. No. 1886.

United States District Court
E. D. North Carolina,
Raleigh Division.

Sept. 1, 1966.

George Godlock, pro se.

T. Wade Bruton, Atty. Gen., of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

## OPINION AND ORDER

LARKINS, District Judge:

### SUMMARY

This cause comes before the Court upon a petition for writ of habeas corpus filed by a State prisoner pursuant to the provisions of Title 28 U.S.C.A. Sec. 2254. Issues were joined by respondent's answer and Motion to Dismiss.

Petitioner alleges that his rights as guaranteed by the Constitution of the United States were violated in the following particulars:

(1) that the district solicitor waived his indictment without the defendant petitioner or his counsel signing the waiver,

(2) that the warrant and indictment charged him with the crime of rape but that his judgment and commitment were for assault with intent to commit rape and thus no indictment was ever returned against him,

(3) that the solicitor said if petitioner would plead guilty to the lesser charge of assault with intent to commit rape the judge would go lighter on him,

(4) that the presiding judge did not sign the judgment,

(5) that his attorney refused to appeal his case.

### FINDINGS OF FACT

Petitioner is presently incarcerated in Odom Prison, Jackson, North Carolina as a result of a plea of guilty to the crime of assault with intent to commit rape (March, 1962 Term, Buncombe County Superior Court, Case No. 6299).

Petitioner was arrested on January 29, 1962 and an indictment charging him with the crime of rape was returned against him on February 2, 1962. He was brought to trial at the March Term 1962 at which time he entered a plea of guilty to a lesser offense of assault with intent to commit rape.

Petitioner alleges that on the day before his trial the solicitor came to the

prison cell in which he was being held and told him that he would be tried for a capital crime and that if he would plead guilty to assault with intent to commit rape the judge would go light on him. At the trial petitioner was represented by able counsel who conferred with petitioner and the solicitor, whereupon counsel advised the petitioner to plead guilty to the lesser offense, which he did.

Petitioner, in his petition stated that he was afraid of being tried for the capital offense of rape. The Court accepted the plea of guilty to the lesser offense of assault with intent to commit rape. Petitioner was committed to prison upon being sentenced to a term of incarceration of from eight to ten years for the said lesser offense. Petitioner did not appeal and does not allege that he requested his counsel to appeal the case.

Petitioner filed an application for a Post Conviction Hearing in the Buncombe County Superior Court. As a result of an order dated November 24, 1965 he was permitted to proceed with the Post Conviction Hearing, with counsel being appointed. In November, 1965, the Court denied relief. Petitioner alleges that he petitioned the Supreme Court of North Carolina for a Writ of Certiorari which was denied on March 11, 1966. Since this was not denied by the respondent, it will be taken as true.

### CONCLUSIONS OF LAW

██ Petitioner claimed that his plea of guilty was the result of a promise of leniency made to him by the solicitor of the Superior Court of Buncombe County, North Carolina, but it does not appear that there was a compromise with justice. "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void" Cerniglia v. United States, 230 F. Supp. 932 (N.D.Ill., 1964). In this case however, the facts show that the petitioner was the sole judge of whether or not he would change his plea. In making this decision, it is true that he acted upon the advice of his attorney

who had told him that he did not have a defense to the crime charged, but the ultimate decision was not the result of a promise of leniency but was the result of an opportunity to save his life. His counsel, an able and respected member of the bar, had discussed the case with the solicitor and was serving the best interest of his client in advising him to plead guilty. As petitioner stated, he pleaded guilty because his counsel advised him he did not have a defense and that he feared for his life, the crime of rape being a capital offense in North Carolina. It is important to note that petitioner does not allege that he pleaded guilty because of what he alleges the solicitor had told him.

██ As to the validity of the indictment it is well recognized that it may be attacked by means of a collateral proceeding such as habeas corpus only when there plainly appears from the face of the document that no crime was charged therein. 28 U.S.C.A. Sec. 2241 (a), (c) (3), 2243, In Re Cardwell, 256 F.2d 576 (Ninth Cir., 1957). The Supreme Court of North Carolina has said "[a]ll that is required in a warrant or bill of indictment, since the adoption of [this section (N.C.Gen.Stat.15-153)] is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense." State v. Hammonds, 241 N.C. 226, 85 S.E.2d 133 (1954). It is not necessary that the indictment refer to a particular statute as contended by the petitioner. State v. Herring, 226 N.C. 213, 37 S.E.2d 319 (1946).

The indictment in this case charged the petitioner "George Godlock on the 28 day of January, 1962 with force and arms, at and in said County, did unlawfully, wilfully, violently and feloniously make an assault upon one Tecora Dunbar, a female, and did then and there violently and against her will, feloniously, ravish and carnally know the same Tecora Dunbar contrary to the form

of this statute in such case made and provided against the peace and dignity of the State." An indictment in substantially the same language was sustained in State v. Herring, 226 N.C. 213, 37 S.E.2d 319 (1946).

■ Assault with intent to commit rape is a lesser degree of the crime of rape. State v. Birchhead, 256 N.C. 494, 124 S.E.2d 838, 6 A.L.R.3d 888 (1962). An indictment for any offense includes all the lesser degrees of the same crime. State v. Roy, 233 N.C. 558, 64 S.E.2d 840 (1951). Therefore, it would not have been necessary to have the grand jury return a true bill against the defendant for the crime of assault with intent to commit rape.

■■ Petitioner also claims that his rights were violated in that the Presiding Judge of the Superior Court of Buncombe County who passed judgment of sentence upon him did not sign the judgment. It is not necessary for the judge to sign the judgment of sentence, except in those cases where the penalty is death. The failure to sign the judgment in all other cases does not affect the validity of the judgment. State v. Atkins, 242 N.C. 294, 87 S.E.2d 507 (1955).

Petitioner also claims that the solicitor waived his indictment thereby violating the provisions of the N.C.Gen. Stat. 15–140.1 and his rights under the Fifth Amendment to the Constitution of the United States. There is no merit to these contentions. As previously stated it is not necessary that the petitioner be tried under a new indictment charging him with assault with intent to commit rape since assault with intent to commit rape is a lesser included offense of rape and petitioner therefore could be tried on the original indictment. State v. Birchhead, 256 N.C. 494, 124 S.E.2d 838 (1962); and State v. Roy, 233 N.C. 558, 64 S.E.2d 840 (1951).

■ Petitioner claims that his attorney did not inform him of his right to appeal. Under the circumstances of the case when petitioner had voluntarily pleaded guilty to a lesser included offense of the capital crime of rape it would not be incumbent upon counsel to advise the defendant of his right to appeal. Counsel had advised petitioner to enter the plea of guilty to assault with intent to rape and thereby secured a sentence from eight to ten years for his client, at a time when petitioner was faced with a possible death sentence. Upon what grounds would counsel have advised his client to appeal after he had voluntarily pleaded guilty?

In accordance with the principles set forth in Mullen v. Boslow, No. 10,850 (4th Cir., decided Aug. 24, 1966) and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) this Court has not relied upon any finding made in the State Court at petitioner's Post-Conviction Hearing held in November, 1965 in the Superior Court of Buncombe County, North Carolina. Although the record of this case contains the Orders of the Superior Court concerning petitioner's Post-Conviction Hearing, the record of this proceeding does not contain the transcript of the State Post Conviction Hearing.

This Court has based its findings and conclusions therefore upon the record, files and petition, and the applicable laws of the State of North Carolina and the United States without placing any reliance upon the order entered in connection with the previously mentioned Post-Conviction Hearing.

ORDER

Therefore, it is ordered that the petition for a writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's Motion to Dismiss be, and the same is hereby allowed.