STATE v. HAROLD D. ROY
and
STATE v. JAMES D. SLATE.

(Filed 2 May, 1951.)

**1. Criminal Law § 44—**

The refusal of a motion for continuance will not be held for error when defendants do not give the name of the alleged essential witness who was out of the State or make it appear that any effort was made to secure the witness' presence at the trial, and further there is no affidavit that defendants had not had time to prepare for trial.

**2. Rape § 26: Criminal Law § 52a (6)—**

After announcement by the solicitor that he would not seek a conviction of rape, defendant was convicted of assault on a female with intent to commit rape. *Held:* Defendant's contention that his motion to nonsuit should be allowed because all the evidence tended to show the commission of the crime of rape rather than the less degree of the crime of which he was convicted, is untenable, since the indictment included the lesser offense and the conviction thereof was favorable to defendant. G.S. 15-169.

**3. Criminal Law § 6c: Army and Navy § 3—**

The duty of a soldier to obey the orders of his superior officer refers only to lawful commands relating to military duty, and therefore a defendant soldier's contention that in committing an assault upon a female he was acting under the orders of his sergeant is feckless, since it could not constitute a defense.

**4. Criminal Law § 52a (2)—**

The incredibility of the State's testimony cannot justify nonsuit, since the credibility of the witnesses is for the jury and not for the court.

APPEAL by defendants from *Nimocks, J.,* January Term, 1951, of HARNETT.

Criminal prosecution upon indictments charging the defendants with the crime of rape of a certain named female person.

The cases were consolidated for the purpose of trial. Whereupon, the Solicitor announced that he would not seek a verdict of rape, but would seek a verdict of guilty of assault on a female with intent to commit rape.

The defendants entered pleas of not guilty.

Verdicts: The jury found the defendant Harold D. Roy guilty of assault on a female with intent to commit rape, and returned a verdict against James D. Slate of guilty of an assault on a female. From sentences imposed on the respective verdicts, both defendants appealed to the Supreme Court, assigning error.

STATE *v.* ROY and STATE *v.* SLATE.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*H. F. Seawell, Jr., for Harold D. Roy.*

*Charles Ross and McNeill McK. Ross for James D. Slate.*

DENNY, J. The defendants except to and assign as error the failure of the court to grant their motion for a continuance. The motion was made on the ground that a witness, most vital to their defense, was out of the State.

It will be noted the name of the witness was not given nor does it appear that any effort was made to secure his presence at the trial. The alleged crime was committed on 29 November, 1950, and an investigation of the alleged facts was made shortly thereafter. A true bill was found against both defendants on 8 January, 1951, and the cases were called for trial on 11 January, 1951. However, there was no affidavit by defense counsel that they had not had time to prepare for trial. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. This assignment of error will not be upheld.

The defendant Roy contends that since all the evidence pointed toward the crime of rape, and the State not having asked for a conviction of that crime, that his motion for nonsuit on the charge of assault with intent to commit rape should have been allowed. The contention is without merit. For, it is well settled that an indictment for an offense includes all the lesser degrees of the same crime. *S. v. Moore,* 227 N.C. 326, 42 S.E. 2d 84; *S. v. Gay,* 224 N.C. 141, 29 S.E. 2d 458; *S. v. Jones,* 222 N.C. 37, 21 S.E. 2d 812; *S. v. High,* 215 N.C. 244, 1 S.E. 2d 563; *S. v. Williams,* 185 N.C. 685, 116 S.E. 736; *S. v. Hill,* 181 N.C. 558, 107 S.E. 140. And although all the evidence may point to the commission of the graver crime charged in a bill of indictment, the jury's verdict for an offense of a lesser degree will not be disturbed, since it is favorable to the defendant. G.S. 15-169; *S. v. Bentley,* 223 N.C. 563, 27 S.E. 2d 738; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Matthews,* 231 N.C. 617, 58 S.E. 2d 625.

The defendant Slate, who is a private in the United States Army and stationed at Fort Bragg, contends that at the times referred to in the State's evidence, he was acting under the command of his sergeant, a non-commissioned officer, to wit, Sergeant Roy, and did only what he was directed to do, and is, therefore, not liable for his conduct in connection with this alleged offense. The contention has no merit. The duty of a subordinate to obey a superior officer, while one is subject to military law, has reference only to lawful commands of such superior officer, in matters relating to military duty. And there is certainly nothing on this record to indicate that either of these defendants were engaged in any activity

relating to military duties on the night in question. Title 10, U.S.C.A, Section 1536.

The evidence adduced in the trial below was ample to support the verdicts rendered, and need not be detailed herein. Counsel for the defendant Roy admits his chief complaint is against the jury. He contends the State's evidence was not worthy of belief and we should either grant the defendant Roy a new trial or a nonsuit. The court does not pass upon the credibility of the witnesses for the prosecution upon a motion to nonsuit. The weight to be given such evidence is for the jury to decide. *S. v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107. The defendants offered no evidence except the certificate of the physician who examined the prosecuting witness on the day after the alleged crime. They simply elected to rely upon the weakness of the State's evidence and lost.

We have carefully examined all the exceptions and assignments of error and in the trial below we find

No error.