IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-163

 Filed: 17 September 2019

Jackson County, No. 18 JB 25

In the Matter of D.W.L.B.

 Appeal by Defendant from orders entered 11 May 2018 and 8 June 2018 by

Judge Richard Walker in Jackson County District Court. Heard in the Court of

Appeals 4 June 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Tiffany
 Lucas, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C.
 Katz, for the Defendant.

 DILLON, Judge.

 Defendant D.W.L.B. (“Dexter”),1 a juvenile, appeals from the trial court’s

orders adjudicating him delinquent and entering a Level 1 disposition. After careful

review, we vacate and remand for further proceedings, as explained in the Conclusion

section of this opinion.

 I. Background

 Dexter is an elementary school student in Sylva. On 11 April 2018, a janitor

at Dexter’s school cleaned certain graffiti from a stall in a boy’s bathroom. About ten

 1 We use a pseudonym for ease of reading and to protect the identity of the juvenile. N.C. R.
App. P. 42.
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

minutes later, while standing in a hallway, the janitor observed a student lean out of

that bathroom, look around, and then quickly dart back into the bathroom. The

janitor went inside the bathroom to investigate and found Dexter and another boy.

Dexter was standing next to the hand dryer by the sinks. Dexter left the bathroom

immediately. The janitor then discovered new graffiti, the words “BOMB

INCOMING” written in black magic marker on the wall above the hand dryer.

 The janitor reported the incident to the principal. Later that day, Dexter was

called to the principal’s office. Dexter was found to be carrying a black magic marker

in his pants pocket. The principal and two officers spoke with Dexter and his parents

and viewed surveillance footage of the hallway outside the bathroom.

 Based on this investigation, the officers filed a petition seeking a declaration

that Dexter was a delinquent juvenile, alleging that Dexter violated Section 14-277.5

of our General Statutes, a Class H felony, by making a false report concerning mass

violence on educational property. After a hearing on the matter, the trial court orally

found that Dexter had violated Section 14-277.5 and entered a written order

adjudicating Dexter delinquent, ordering a Level 1 disposition, and prescribing

twelve (12) months of probation.

 Dexter timely appealed.

 II. Analysis

 A. Sufficiency of the Petition

 -2-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 Dexter argues that the trial court lacked jurisdiction over him because the

delinquency petition did not sufficiently allege each element of the offense for which

he was charged. For the following reasons, we conclude that the petition failed to

allege the elements of a violation of Section 14-277.5.

 We typically hold juvenile petitions to the same standards as adult criminal

indictments, In re Griffin, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004), and

therefore review the sufficiency of a petition de novo as a question of law, see State v.

White, ___ N.C. ___, ___, 827 S.E.2d 80, 82 (2019) (“The sufficiency of an indictment

is a question of law reviewed de novo.”).

 The petition in this case stated that Dexter:

 did make a report by writing a note on the boy’s bathroom
 wall at [his] Elementary School stating, “bomb incoming”;
 that being an act of violence is going to occur on educational
 property, that being [his] Elementary School, a public
 school in Jackson County; knowing and having reason to
 know that the report is false. GS 14-277.5

 Section 14-277.5 criminalizes the communication of any false report of mass

violence to occur on educational property, expressly stating that:

 A person who, by any means of communication to any
 person or groups of persons, makes a report, knowing or
 having reason to know the report is false, that an act of
 mass violence is going to occur on educational property or
 at a curricular or extracurricular activity sponsored by a
 school, is guilty of a Class H felony.

N.C. Gen. Stat. § 14-277.5(b) (2018) (emphasis added).

 -3-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 Dexter argues that the petition is defective because it fails to allege “an act of

mass violence.” We disagree. Certainly, a threat of “bomb incoming” could

reasonably be construed as something that could cause mass violence, potentially

causing permanent physical injury to two or more people. See N.C. Gen. Stat. § 14-

277.5(a)(2) (defining “mass violence”).

 Nonetheless, we conclude that the petition otherwise fails to allege a violation

of Section 14-277.5. Specifically, it fails to allege that Dexter was “ma[king] a report”

when he wrote the graffiti. We so conclude for two independent reasons.

 First, we so conclude because the petition fails to allege that Dexter directed

his “bomb incoming” graffiti message to anyone in particular or that anyone in

particular actually saw it. Indeed, the essence of a Section 14-277.5 violation is not

so much uttering or writing a statement, but rather making a report of the statement

to someone else.2 By way of illustration, if Dexter had written the “BOMB

INCOMING” message and then immediately erased it, he would not be guilty of

making a report as described in Section 14-277.5. But the petition in this case, if held

valid, would serve to initiate criminal proceedings for such behavior all the same.

 2 We note that the petition recites that Dexter did “make a report,” but then the petition
described exactly what he did. The mere fact that the petition states that he made a report does not
cure the fact that the allegation itself does not constitute a report. Certainly, a petition that alleged
that “Defendant made a report by dreaming about making a bomb threat to his principal” would be
determined to be defective, notwithstanding that it stated that a report was made.

 -4-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

 Second, and alternatively, we so conclude because it would not be reasonable

for a person seeing the graffiti on the bathroom wall to construe said graffiti as a

report of a credible threat. Indeed, a visitor to the bathroom seeing the graffiti would

not know when the graffiti was written.

 We note that our research has not revealed any case law or General Assembly

official comment indicating what type of conduct constitutes the “mak[ing of] a report”

within the meaning of Section 14-277.5. We construe statutory language to proscribe

as a Class H felony under this Section only credible reports, that is, those that a

reasonable person would believe could represent a threat. Again, by way of

illustration, if a person calls in a threat that “Martians will be invading the school

with heat rays this afternoon,” no reasonable person would believe that she was in

danger of imminent death by Martian invasion. Such a phone threat might be a

crime, such as a Class 2 misdemeanor under Section 14-196(a), but we do not believe

that the General Assembly contemplated criminalizing such behavior as a Class H

felony. See N.C. Gen. Stat. § 14-196(a) (2018) (criminalizing the use of a telephone

for harassment).

 In the same respect, we conclude that no one would reasonably believe that the

words “BOMB INCOMING,” written in a bathroom at some unknown time in the past

and obviously by an elementary-school-aged student, represented a report of an

 -5-
 IN THE MATTER OF D.W.L.B.

 Opinion of the Court

actual threat that a bomb was incoming to the school. Such behavior may constitute

a crime, but not a Class H felony.3

 Accordingly, we vacate the orders of the trial court adjudicating Dexter a

delinquent juvenile and ordering a Level 1 disposition.

 VACATED.

 Chief Judge MCGEE and Judge ZACHARY concur.

 3 We note that the petition does allege facts which could constitute the crime of “graffiti
vandalism,” codified in Section 14-127.1 of our General Statutes, which states that anyone who
“unlawfully write[s] or scribble[s] on . . . the walls of [] any real property, whether public or private,”
is guilty of a Class 1 misdemeanor. N.C. Gen. Stat. § 14-127.1(a), (b) (2018). However, since the clear
intent of the drafter of the petition was to charge Dexter with a violation of Section 14-277.5 and since
“graffiti vandalism” is not a lesser-included offense of that Class H felony, Dexter was not on notice
that he needed to defend against a “graffiti vandalism” charge. See State v. Langley, 371 N.C. 389,
396, 817 S.E.2d 191, 197 (2018) (recognizing that “[w]hen a defendant is indicted for a criminal offense,
he may be convicted of the charged offense or a lesser included offense when the greater offense
charged in the bill of indictment contains all of the essential elements of the lesser”); State v. Wortham,
318 N.C. 669, 673, 351 S.E.2d 294, 297 (1987) (holding that trial court lacked jurisdiction to sentence
for an offense which was not a lesser-included offense for the crime charged in the indictment).
Therefore, it would not be appropriate for our Court to remand and allow the trial court to enter a
disposition based on a finding of “graffiti vandalism,” based on the language of the petition in this case.

 -6-